**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GONZALO REYES RODRIGUEZ,

Petitioner,

v.                                                      9:26-cv-01440 (AMN)

DAVID VENTURELLA,[1] *in his official capacity as Acting Director of the Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*; PHILIP RHONEY, *in his capacity as Acting Field Office Director, Buffalo Field Office, Immigration and Customs Enforcement*;

Respondents.

---

**APPEARANCES:**                                **OF COUNSEL:**

**LAW OFFICE OF KATHY MANLEY**        **KATHY E. MANLEY, ESQ.**
26 Dinmore Road
Selkirk, New York 12158
*Counsel for Petitioner*

**UNITED STATES ATTORNEY FOR THE**    **ALEXIS M. OSBORNE, ESQ.**
**NORTHERN DISTRICT OF NEW YORK**     Assistant United States Attorney
445 Broadway – Room 218
Albany, New York 12207
*Counsel for Respondents*

---

[1]  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, a public "officer's successor is automatically substituted as a party."  Fed. R. Civ. P. 25(d).

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

Petitioner Gonzalo Reyes Rodriguez ("Petitioner") is a noncitizen who, as of next month, will have resided in the United States for four years. Dkt. No. 6 at 1-2. On or about August 26, 2022, Petitioner entered the United States without inspection, admission, or parole near El Paso, Texas. Dkt. No. 6-1. He was apprehended shortly thereafter and ultimately released from custody and paroled "due to time in custody constraints" with participation in the "Alternatives to Detention" program as a condition of his parole. *See id*. at 2-3; Dkt. No. 6-3. [2] Petitioner has a valid work permit (through May 1, 2029), no criminal history, and no removal case. Dkt. No. 1 at 5; *see also* Dkt. No. 1-1; Dkt. No. 6-3 at 2. On Sunday, July 26, 2026, Petitioner attended a scheduled appointment with USCIS in Malta, New York. Dkt. No. 1 at ¶¶ 1, 10. United States Immigration and Customs Enforcement ("ICE") agents arrested Petitioner at that time and transported him to the Buffalo Federal Detention Facility in Batavia, New York, where he has been detained since. Dkt. No. 6-3.

After considering submissions from the parties, *see* Dkt. Nos. 1, 6, the Court grants the Petition for Emergency Writ of Habeas Corpus, Dkt. No. 1 ("Petition"), and orders the immediate release of Petitioner. The Court will issue a written decision setting forth the reasons for this Order in more detail in due course.

Accordingly, the Court hereby

**ORDERS** that the hearing scheduled for Wednesday, August 5, 2026 at 2:00 p.m., Dkt. No. 2, is **ADJOURNED**; and the Court further

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

**ORDERS** that the Petition for a writ of habeas corpus, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that Respondents shall **immediately release Petitioner from custody**; and the Court further

**ORDERS** that Respondents shall certify compliance with this Order by filing a status report by 1:30 p.m. on July 31, 2026; and the Court further

**ORDERS** that Petitioner shall not be re-detained without adequate notice and without an opportunity to be heard at a hearing where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a) and the burden to demonstrate by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk;[3] and the Court further

**ORDERS** that pending the issuance of any final removal order against Petitioner, Respondents are also enjoined from denying him bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances.

**IT IS SO ORDERED.**

Dated: July 31, 2026
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[3] The Court joins other courts in this district in finding that absent "any individualized assessment or identifiable government interest regarding Petitioner's initial detention, due process requires that the Government bear the burden of demonstrating dangerousness or flight risk by clear and convincing evidence at any bond hearing." *Hassan v. Bondi*, No. 26-cv-319, 2026 WL 891602, at *6 (N.D.N.Y. Apr. 1, 2026) (citing *Lieogo v. Freden*, No. 25-cv-6615, 2025 WL 3290694, at *5-6 (W.D.N.Y. Nov. 26, 2025)); *see also Quintanilla v. Decker*, No. 21-cv-417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (joining the "overwhelming consensus of judges in this District in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention" (internal quotation marks omitted)).

3